IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON | § | |
| ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § | |
| Plaintiffs, | § | Civil Action No. 3:12-cv-3853 |
| v. | § | JURY DEMANDED |
| NEXION HEALTH AT TERRELL, INC. | § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Armour Robinson, ("Plaintiff"), on behalf of herself and all others similarly situated, and file this her Plaintiff's Original Complaint against her joint employer, or former employer, Nexion Health at Terrell, Inc. ("Defendant") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1  Plaintiff either worked or currently works in the position of Licensed Vocational Nurse for Defendant.

1.2  Plaintiff, on behalf of herself and all others similarly situated employed by Defendant as a Nurse, or other job title performing substantially similar job duties as Plaintiff for Defendant in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest under the

provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.3    For at least three years prior to the filing of this Complaint, Defendant willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4    This collective action consists of current and former non-exempt Nurses or those with other job titles performing substantially similar job duties as Plaintiffs who worked for Defendant in the three years preceding the filing of this suit and who were not paid overtime compensation at time and one-half for hours they worked over forty in a work week in violation of the FLSA, and whose job duties include the provision of nursing services to Defendant's patients and associated duties for, and on behalf of Defendant.

1.5    Plaintiff and all others similarly situated demand a jury trial.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce . . . ."

2.2    The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas and

committed actions in Texas that give rise to this cause of action. Damages sought are within the jurisdictional limits of this Court.

2.3     Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is a resident of and is doing business in said District.

### III.    PARTIES

**A.    Plaintiffs**

3.1     Plaintiff Armour Robinson is an individual residing in Kaufman County, Texas.

**B.    Defendant**

3.2     Defendant Nexion Health at Terrell, Inc., is a foreign corporation that may be served with process through its registered agent for service of process, CT Corporation System, 250 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234.

3.3     At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

3.4     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

3.5     At all relevant times, Defendant has employed, and continue to employ, employees, including Plaintiffs and each of the FLSA Collective Class Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

3.6     At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

3.7  At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendant.

3.8  At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## IV. FACTUAL ALLEGATIONS

4.1  Defendant operates in the health care industry.

4.2  Defendant provides long-term care nursing services to patients.

4.3  Defendant maintained, and continues to maintain control, oversight, and direction over its operations, including employment practices.

4.4  Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff during their employment with Defendant.

4.5  Plaintiff was required to comply with Defendant's policies and procedures in performing her work during her employment with Defendant.

4.6  As a part of its operations, Defendant employed Plaintiff as a Nurse.

4.7  Plaintiff's primary job was to provide nursing services to Defendant's clients/patients.

4.8  Plaintiffs have performed the job duties described in the preceding paragraph within the past three years for Defendant.

4.9  Plaintiff was a non-exempt worker under the FLSA.

4.10  Plaintiff normally worked in excess of forty hours per week.

4.11  Although Plaintiff worked more than forty hours per week, she has not been compensated for overtime hours at one and one-half times her appropriate regular rate.

4.12  At times, Plaintiff was not compensated for her overtime hours at all.

4.13   As a non-exempt employee, Plaintiff was entitled to be paid time-and-a-half for all hours worked in excess of forty in a workweek.  Accordingly, Defendant's practice of failing to pay overtime compensation is a clear violation of the FLSA.

4.14   No exemption excuses the Defendant from paying overtime rates for hours worked over forty.

4.15   Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

4.16   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.17   Defendant failed to comply with the FLSA in that Plaintiff performed work for Defendant for which no provisions were made by Defendant to pay Plaintiff overtime compensation for those hours worked in excess of forty hours within a work week.

4.18   Plaintiff has retained the undersigned counsel to represent her and those similarly situated in this action.  Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## V.   COLLECTIVE ACTION ALLEGATIONS

5.1   Other employees have been victimized by this pattern, practice, and policy of Defendant that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

5.2     Plaintiff brings the first claim for relief on behalf of all persons who worked for Defendant as a Nurse, or other job titles performing substantially similar job duties as the Plaintiff, at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

5.3     Defendant paid Plaintiff and the Collective Class an hourly rate and suffered and permitted them to work more than forty hours per week. Defendant did not pay them proper overtime compensation for all hours worked beyond forty per week.

5.4     Though their job titles may vary members of the Collective Class work in a long term care nursing facility and their primary duty is to provide nursing services to Defendant's patients and associated duties for, and on behalf, of Defendant.

5.5     Plaintiff and those similarly situated shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

5.6     Specific job titles do not prevent collective treatment.

5.7     Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

5.8     Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

5.9     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.10    Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims for relief for violations of the FLSA as a

collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

5.11    Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

5.12    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

5.13    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

5.14    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VI.    CAUSES OF ACTION: VIOLATIONS OF FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Plaintiff and all others similarly situated are non-exempt employees.

6.3    Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

6.4    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of one and one-half times the appropriate regular rate.

6.5     During Plaintiff's employment, they each routinely worked well in excess of forty hours per week. Even though Plaintiff and all others similarly situated worked well in excess forty hours per week, Defendant has failed to pay Plaintiff and all others similarly situated for those hours worked in excess of forty per week.

6.6     In further violation of the FLSA, upon information and belief, Defendant has failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff and other similarly situated employees.

6.7     Plaintiff and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Armour Robinson and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto, Plaintiff and all others similarly situated recover the following:

   a.   unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rates;

   b.   liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

By: /s/ David G. Langenfeld
**David G. Langenfeld**
State Bar No. 11911325
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail: david@dunhamlaw.com

**Scotty Jones**
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFFS**