**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ARMOUR ROBINSON,**

    **Plaintiff,**

**v.**                                                    **Case No. 3:12-CV-03853-L-BK**

**NEXION HEALTH AT TERRELL, INC.,**

    **Defendant.**

## ORDER

This case is before the Court on Defendant's *Emergency Motion to Quash Notices of Deposition and for Protective Order*. (Doc. 21). For the reasons that follow, the *Emergency Motion to Quash Notices of Deposition and for Protective Order* (Doc. 21) is **GRANTED in part**.

**A.  Background**

In July 2013, Plaintiff filed an amended complaint alleging that Defendant Nexion Health at Terrell ("Nexion-Terrell") had violated the Fair Labor Standards Act of 1938 ("FLSA") by failing to pay her overtime pay for all hours she worked in excess of 40 hours per week. (Doc. 15 at 1, 4-5). During the course of discovery, Plaintiff noticed the depositions of Nexion-Terrell's Rule 30(b)(6) corporate representative and president/chief executive officer. She sought to inquire about Department of Labor ("DOL") investigations involving entities in which Nexion-Terrell's parent corporation had an ownership interest. (Doc. 21 at 1). Nexion-Terrell then filed the instant motion to quash the notices of deposition and for a protective order.

### B.  Parties' Arguments

Nexion-Terrell notes that it operates a single nursing home in Terrell, Texas, and its parent corporation, Nexion Health, Inc., owns 37 other entities that operate nursing homes. Nexion-Terrell points out that its president and CEO, Francis Kirley, does not participate in its day-to-day operations and has no knowledge of Plaintiff's claims, and she seeks only to harass him and drive up litigation costs.  (Doc. 21 at 3-6).  Further, Nexion-Terrell insists that testimony about the DOL investigations of other Nexion Health entities is not relevant, and Kirley does not know anything about them except the end result.  (Doc. 21 at 6).

Relatedly, Nexion-Terrell asserts that it should not be required to produce a corporate representative to testify about the DOL investigations into other Nexion Health entities because the topic is irrelevant, overly broad, and unduly burdensome since only Nexion-Terrell employed Plaintiff.  (Doc. 21 at 2-3, 6-9).  Nexion-Terrell explains that no business policy is at issue in this lawsuit; the issue is whether any of Plaintiff's supervisors ever instructed her not to report overtime hours she worked.  (Doc. 21 at 7-8).  Nexion-Terrell concludes that the Court should award it sanctions because Plaintiff's position is not substantially justified.  (Doc. 21 at 9-11).

Plaintiff responds that it has learned that a number of Nexion Health facilities in Texas have been investigated by the DOL for failing to pay for overtime and, in an effort to determine who knew about the investigations, Plaintiff requested that Nexion-Terrell provide a knowledgeable corporate representative for deposition.  (Doc. 24 at 1-3).  When defense counsel refused to do so, Plaintiff noticed Kirley's deposition to find out what he knew about the DOL investigations, when he knew it, and what he did with the information.  (Doc. 24 at 2-3, 9). Plaintiff notes that Nexion-Terrell concedes Kirley knows the results of the investigations which would include whether that information was ever provided to Nexion-Terrell.  (Doc. 24 at 4).

Plaintiff asserts that to prove her FLSA case, she must show that Nexion-Terrell's actions were willful, and Kirley's knowledge of similar violations at other Nexion Health companies is relevant to that determination as well as to test the testimony of Nexion-Terrell's human resource director who said she was unaware of any DOL investigations of Texas-based Nexion Health facilities.  (Doc. 24 at 4-5, 7, 9).

Nexion-Terrell replies that Plaintiff's claims are based on individual actions by her supervisors, not illegal policies, so whether the DOL investigated claims at other Nexion Health entities does not tend to show that her supervisors willfully violated the FLSA.  (Doc. 26 at 1, 3).  Nexion-Terrell also notes that Kirley has only high-level knowledge of whether the DOL found a violation in other cases, he has no knowledge of the individual circumstances involved.  (Doc . 26 at 4).  Nexion-Terrell asserts that Plaintiff should depose Nexion-Terrell's administrator instead.  (Doc. 26 at 4).

    **C.   Applicable Law**

Parties may obtain discovery of any relevant matter that is not privileged.  FED. R. CIV. P. 26(b).  However, the court can issue a protective order for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1). The court can also impose restrictions where the discovery sought is "unreasonably cumulative or duplicative," or is obtainable "from some other source that is more convenient, less burdensome, or less expensive."  FED. R. CIV. P. 26(b)(1).  In determining whether such intervention is necessary, the court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens.  *Williams v. Greenlee,* 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, M.J.).  Moreover, the party seeking a protective order must

demonstrate good cause and the specific need for protection. *Id.* (citing *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir. 1990)).

Federal courts permit the depositions of high-level (or "apex") executives when conduct and knowledge at the highest levels of the corporation are relevant to the case. *See, e.g.*, *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, No. 3:05-CV-0475-D, 2006 WL 3436064, at *2 (N.D. Tex. 2006). However, "the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser-ranking employees." *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:01-CV-272 (HWM), 2003 U.S. Dist. LEXIS 28130, at *3 (E.D. Tex. 2003) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)). Unless the executive possesses "unique personal knowledge" about the controversy, the court should regulate the discovery process to avoid "oppression, inconvenience, and burden" to the executive and the corporation. *Computer Acceleration Corp. v. Microsoft Corp.*, 9:06-CV-140, 2007 WL 7684605, at *1 (E.D. Tex. 2007). Should alternative discovery methods prove inadequate, the court may revisit the issue to determine whether the deposition of a high-ranking executive remains necessary. *Turner v. Novartis Pharmaceuticals*, Civ. A. No. 10-0175, 2010 WL 5055828, at *4 (E.D. La. 2010); *Gauthier v. Union Pac. R. Co.*, No. 1:07-CV-12 (TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. 2008).

Rule 30(b)(6) provides that a litigant may direct a notice of deposition to an organization, which must then designate one or more officers, directors, or other persons to testify on its behalf about information known or reasonably available to it. FED. R. CIV. P. 30(b)(6). The rule streamlines the discovery process and places the burden of identifying responsive witnesses for a corporation on the corporation, which appears vicariously through its designee. *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). If the designated deponent is

not knowledgeable about relevant facts, and the corporation has failed to designate an available, knowledgeable witness, then the appearance is essentially no appearance at all, and sanctions may be imposed. *Id.*; *see also Super Future Equities, Inc. v. Wells Fargo Bank Minn, N.A.*, 2007 WL 4410371, *8 (N.D. Tex. 2007) (Boyle, J.) (holding that Rule 30(b)(6) requires the corporation to prepare its designee to give binding answers); *Resolution Trust Corp. v. Sands,* 151 F.R.D. 616, 618-19 (N.D. Tex. 1993) (Fitzwater, J.) (holding that Rule 30(b)(6) requires an entity to designate a witness to "testify as to matters known or reasonably available to the organization" ).

    **D. Analysis**

    While Nexion-Terrell argues that none of its policies is at issue in this lawsuit and that Plaintiff's theory of liability is solely that her supervisor is responsible for the FLSA violations, that is not apparent on the face of Plaintiff's amended complaint or from Plaintiff's supplemental initial disclosures. *See* Doc. 15; Doc. 22 at 2-5. Plaintiff simply alleges in her complaint that Nexion-Terrell failed to pay her overtime compensation and, on information and belief, failed to maintain accurate employee pay records. (Doc. 15 at 5). Allowing discovery into DOL investigations of other Nexion Health companies accused of wage and hour violations could lead to relevant evidence including, *inter alia*, (1) whether Nexion Health had a corporate policy or practice of failing to pay overtime compensation and (2) whether information relating to the DOL investigations was ever given to Nexion-Terrell, which would further be relevant to a finding of (3) whether Nexion-Terrell's actions were willful and (4) whether Nexion Health entities have a pattern and/or business practice of failing to pay employees for overtime hours worked.

Nevertheless, under the present circumstances, the information sought from Kirley is obtainable "from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(1). While Kirley may have relevant knowledge, Plaintiffs must first utilize less intrusive means before taking his apex deposition. *Salter*, 593 F.2d at 651; *Schmidt*, 2003 U.S. Dist. LEXIS 28130, at *3. The facts in this case do not suggest that he possesses "unique personal knowledge" about the DOL investigations, and thus, the Court finds it appropriate to quash the notice of deposition and issue a protective order as to Kirley so as to prevent "oppression, inconvenience, and burden" to both Kirley and Nexion Health.[1] *Computer Acceleration Corp.*, 2007 WL 7684605, at *1.

Plaintiff is, however, entitled to depose someone with knowledge of the topics at issue. Rule 30(b)(6) places the burden on the entity to whom the deposition notice is directed to designate one or more individuals to testify on its behalf about information known or reasonably available to it. FED. R. CIV. P. 30(b)(6); *Southern Union*, 985 F.2d at 197. Nexion-Terrell is thus tasked with the burden of locating the appropriate individual who can testify about other DOL investigations of Nexion Health companies that involved wage and hour violations. Further, Plaintiff has indicated her willingness to limit the scope of this discovery to Nexion Health entities in Texas, and the Court finds this to be appropriate. (Doc. 22 at 14; Doc. 24 at 2-3). Accordingly, the corporate representative Nexion-Terrell selects must be prepared to testify about the aforementioned types of DOL investigations that involved the Nexion Health entities in Duncanville, Sherman, Iowa Park, Garland, Flower Mound, Lancaster, and Wichita Falls, Texas. (Doc. 22 at 14). As so limited, the discovery is neither overbroad nor unduly burdensome. *Cf. Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, *1 (M.D. Fla. 2012)

---

[1] Should the alternative discovery method ordered *infra* prove inadequate, the Court is willing to revisit the issue to determine whether Kirley's deposition is necessary. *Gauthier*, 2008 WL 2467016, at *4.

(holding that an interrogatory was overbroad where the plaintiff sought DOL investigation information about "Defendants or any entity owned in whole or in part by either Defendant."). Nexion-Terrell is forewarned that if it fails to designate an available, knowledgeable witness who can testify to matters known or reasonably available to it, sanctions may be imposed. *Southern Union*, 985 F.2d at 197; *Sands*, 151 F.R.D. at 618-19.

### E. Conclusion

For the reasons discussed, Nexion-Terrell's *Emergency Motion to Quash Notices of Deposition and for Protective Order* (Doc. 21) is **GRANTED in part**. Nexion-Terrell is **ORDERED** to designate its Rule 30(b)(6) witness(es) and make the witness(es) available for deposition within 14 days of the date of this order. Nexion-Terrell's request for sanctions is **DENIED** because Plaintiff's position was substantially justified. FED. R. CIV. P. 26(c)(3) (cross-referencing Rule 37(a)(5)).

**SO ORDERED** on April 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE