## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**ARMOUR ROBINSON,**

        **Plaintiff,**

                                        **Case No. 3:12-CV-03853-L-BK**

**v.**

**NEXION HEALTH AT
TERRELL, INC.,**

        **Defendant.**

## ORDER

      This cause has been referred to the undersigned for pretrial management.  Doc. 11.  The case is currently before the Court on Plaintiff's *Sealed Submission for Attorneys' Fees*.  Doc. 43.  The parties have fully briefed the motion, and Plaintiff has filed unredacted billing records for the time period for which she seeks attorneys' fees.  Doc. 43.  For the reasons that follow, Defendant is **ORDERED** to pay Plaintiff's attorneys' fees in the amount of $16,981.00 and costs of $976.64.

**A.**      **Procedural History**

      In July 2013, Plaintiff filed an amended complaint alleging that Defendant Nexion Health at Terrell ("Nexion-Terrell") violated the Fair Labor Standards Act by failing to pay her overtime pay for all hours she worked in excess of 40 hours per week.  Doc. 15 at 1, 4-5.  During the course of discovery, Plaintiff noticed the depositions of Nexion-Terrell's Rule 30(b)(6) corporate representative and president/chief executive officer Francis Kirley.  Doc. 22 at 5, 22.  She sought to inquire, *inter alia*, about Department of Labor ("DOL") investigations of Nexion-Terrell, its parent corporation Nexion Health, and any related entities or subsidiaries under common

ownership or management.  Doc. 22 at 7.  Nexion-Terrell moved to quash the notices of deposition and for a protective order.  Doc. 21.

The undersigned granted the motion in part, quashing the deposition notice as to Kirley. Doc. 28 at 6.  Nevertheless, the Court required Nexion-Terrell to produce a representative who could testify about other DOL investigations of Nexion Health entities in Texas that involved wage and hour violations.  Doc. 28 at 7.  The Court warned Nexion-Terrell that (1) if it failed to designate an available, knowledgeable witness who could testify to matters known or reasonably available to the witness, sanctions may be imposed; and (2) if the discovery granted proved to be inadequate, the Court would reconsider whether Kirley should be deposed.  Doc. 28 at 6-7.

Subsequently, Nexion-Terrell presented as its Rule 30(b)(6) designee Mary Lee Robinson ("Robinson"), its Human Resources/Payroll Manager, for her second Rule 30(b)(6) deposition and her third deposition overall.  Following the deposition, Plaintiff moved for sanctions as a result of Nexion-Terrell's allegedly bad faith designation of Robinson as its corporate representative.  Doc. 37 at 1.  Because it was obvious that Robinson was a deficient witness, this Court found that Kirley should be the subject of the deposition as Plaintiff requested.  Doc. 42 at 8.  The undersigned also found it appropriate to award to Plaintiff her attorneys' fees and costs incurred in preparing for and taking Robinson's most recent deposition, and in preparing and filing its sanctions motion and reply brief pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.  Doc. 42 at 8.  Plaintiff has now filed her *Sealed Submission for Attorneys' Fees* and supporting documentation, and Defendant has filed its opposition thereto.

## B.    Parties' Arguments

Plaintiff seeks fees in the amount of $30,307.50 and costs in the amount of $976.64, asserting that the fees are reasonable and fair in terms of both the number of hours billed and in

the hourly fee charged.  Doc. 43 at 2-3.  Plaintiff seeks reimbursement for attorneys:  (1) Doug Welmaker at a rate of $400.00 per hour; (2) David Langenfeld at a rate of $400.00 per hour; and (3) Michael Simpson at a rate of $325.00 per hour.  Plaintiff notes that the proportionality of the proposed fee award to her damages is only one factor to be considered in an award of attorneys' fees and is not conclusive.  Doc. 43 at 3.

Defendant objects that Plaintiff seeks over $31,000 in fees and costs associated with taking a single two-hour deposition and preparing two briefs totaling 21 pages, which is unreasonable when compared to the work performed, the discovery Plaintiff ultimately obtained, and the value of the case.  Doc. 48 at 1-2, 5.  Defendant also requests that the Court reduce Plaintiff's requests for travel time charged by 50 percent and for excessive amounts of time spent on briefing, redundant time entries, and on tasks not clearly related to the sanctions issue and Rule 30(b)(6) deposition.  Doc. 48 at 5-7.  Finally, Defendant argues that Plaintiff's fee request should be reduced to less than $10,000 because, at best, Kirley's deposition would have led to approximately that amount in extra damages based on a finding that Defendant's conduct in this case was willful.  Doc. 48 at 8-9.

## C.     Applicable Law

The Fifth Circuit employs a two-step process when determining an award of attorneys' fees.  *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).  The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.*  In evaluating the reasonableness of the number of hours claimed, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v.*

*Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). The burden is on the party seeking an award of fees to establish that the number of hours expended is reasonable. *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 08-cv-1556-B, 2011 WL 3820704, at *5 (N.D. Tex. 2011) (Boyle, J.). The Court may reduce the requested award if it finds that the hours billed are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Additionally, any duplicative or inadequately documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80. Nevertheless, the Court should not evaluate "whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Fluor Corp.*, 2011 WL 3820704, at *5 (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

The party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several other factors that may be of significance in the particular case. *See Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-719). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

**D.     Analysis**

In the case at bar, Defendant does not dispute the hourly rates sought. Moreover, the undersigned finds such rates to be reasonable based on the Court's familiarity with hourly rates charged by attorneys of similar experience and skill. Thus, the only factor at issue is the reasonableness of the number of hours expended. Upon consideration of the law and the parties' arguments, the undersigned largely agrees with Defendant that Plaintiff's counsel expended an unreasonable amount of hours in both in drafting its sanctions motion and its reply brief. The Court thus will reduce the amount of compensable hours spent drafting the motion from 20.3 hours to 10 hours, for a reduction of $4,120.00 ($400 x 10.3 hours). All three attorneys conferenced extensively about Defendant's response to the sanctions motion: Simpson for an hour at the rate of $325 per hour, and Welmaker and Langenfeld for a total of 2.5 hours at the rate of $400 per hour. The Court finds this to be excessive as well and will reduce the compensable time by half, for a reduction of $662.50 (2.5 hours x $400 = $1000/2 = $500; 1 hour at $325/2 = $162.50).

All three attorneys also worked on the reply brief. Simpson for a total of 22.3 hours, and Welmaker and Langenfeld for a total of 188 hours. The reply brief is barely eight pages long and cites to a single case, which was first cited in Defendant's response to the motion. The amount of time spent on the reply brief was disproportionate. The Court will thus reduce Simpson's time by half and will reduce Welmaker's and Langenfeld's time by a total of ten

hours, for a reduction of $7,623.75 (18.8 hours – 10 hours x $400 = $4,000; 22.3 hours x $325 = $7,247.50/2 = $3,623.75).  The Court further reduces Plaintiff's requested time sought for the $120 billed on April 16, 2014 that does not clearly relate to the compensable fees that the Court awarded ("Review magistrate's order, conference with DL re: same").  Finally, for the reasons stated by Defendant, the Court reduces Plaintiff's travel time to Mary Lee Robinson's deposition by 50% for the four hours that the Court estimates was spent on travel for a total reduction of $800.00.  Applying the reasonable hourly billing rates and multiplying by the reasonable hours that the Court has calculated results in a total reduction in the amount of fees sought by Plaintiff of $13,326.50, resulting in a total fee award to Plaintiff of $16,981.00.

Turning next to the *Johnson* factors, Defendant chiefly argues that the Court should reduce Plaintiff's award to some figure below $10,000 due to her lack of billing judgment in pursuing the ultimately fruitless deposition of Kirley.[1]  This implicates the eighth *Johnson* factor, the amount involved and the result obtained.  As previously noted, there is a strong presumption that the lodestar represents the reasonable fee.  *Dague*, 505 U.S. at 562.  Moreover, the "results obtained" factor is "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award."  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  Accordingly, the Court declines to further reduce the sanctions award.  While the Court is not unsympathetic to the logic underlying Defendant's argument, the problem Defendant faces is one of its own making for repeatedly producing an insufficient witness for deposition and forcing Plaintiff to file the motion at issue.

---

[1] The remaining *Johnson* factors are either adequately reflected in the lodestar or not directly implicated in this matter.

**E.      Conclusion**

For the foregoing reasons, within 30 days of the date of this order, Defendant is

**ORDERED** to pay to Plaintiff attorneys' fees in the amount of $16,981.00 plus costs of $976.64.

**SO ORDERED** on February 11, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE