IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON, on behalf of Herself and All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:12-CV-3853-L** |
| **NEXION HEALTH AT TERRELL, INC.,** | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed April 30, 2014. On May 2, 2013, the court referred this action to the Honorable United States Magistrate Judge Renée Harris Toliver for pretrial management. In accordance with the order of reference, Judge Toliver issued Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on October 20, 2014. Judge Toliver recommended that Defendant's Motion for Summary Judgment be denied because she concluded that a genuine dispute of material fact existed as to Plaintiff Armour Robinson's claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"). The court has made an independent review of the Report to which objection was made, **rejects** the conclusions and recommendation of the magistrate judge, and **grants** Defendant's Motion for Summary Judgment.

**I.    Background**

On November 3, 2014, Defendant Nexion Health at Terrell, Inc.'s ("Defendant" or "Nexion") Objection[s] to the Magistrate Judge's Findings, Conclusions, and Recommendation were filed. On November 17, 2014, Plaintiff Armour Robinson's ("Plaintiff" or "Robinson")

**Memorandum Opinion and Order – Page 1**

response to Defendant's Objections was filed. Defendant filed its reply to Plaintiff's response on December 1, 2014. Defendant sets forth three objections to the Report. The specific objections asserted by Defendant are:

> A. Nexion objects to the Magistrate Judge's finding that "Plaintiff has established a material question of fact regarding whether Defendant, through its supervisors Cole and White, was aware that she was working overtime off the clock and not getting paid for it." Recommendation at 11.
>
> B. Nexion objects to the Magistrate Judge's finding that "Defendant failed to maintain accurate time records as required by section 211(c) of the FLSA" and that Robinson accordingly satisfied her burden of proving she performed the overtime work she alleges and the amount and extent of unpaid overtime she worked as a matter of just and reasonable inference. Recommendation at 13.
>
> C. Nexion objects to the Magistrate Judge's conclusion that Robinson's affidavit did not contradict her sworn deposition testimony. Recommendation at 14 n.3.

Def.'s Objs. 3. As the court determines that the third objection is dispositive, it will not address the other two objections asserted by Nexion.

## II.     Discussion

### A.     Applicable Law

The magistrate judge correctly sets out the applicable legal standard for summary judgment and the FLSA. The summary judgment standard is well-known, and the court finds it unnecessary to further comment on it. With respect to the FLSA, the magistrate judge stated:

> The FLSA, 29 U.S.C. §§ 201-209, requires all covered employers to pay non-exempt employees at one and one-half times their regular hourly rate for all hours in excess of 40 during one work week. 29 U.S.C. § 207(a)(1). Employers subject to the FLSA are required to "make, keep, and preserve" records of their employees' wages and hours worked. 29 U.S.C. § 211(c). An employee who brings suit for unpaid overtime compensation generally bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *abrogated on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

>However, when an employer fails to maintain complete and accurate timekeeping records, "[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972)). Instead, when "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a sufficient basis for damages." *Reeves*, 616 F.2d at 1351. An employee can thus satisfy her burden if she (1) proves that she has performed work for which she was improperly compensated; and (2) produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson*, 328 U.S. at 687-88. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 688. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may only be approximate. *Id.*
>
>Additionally, a plaintiff must show that she was "employed" by an employer during the period for which she claims overtime. *Newton v. Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). An employee is "employed" during those hours that the employer had either actual or constructive knowledge that the employee was working. *Id.* (citation omitted). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Id.* (internal quotations omitted). An employee is not estopped from claiming additional overtime if the employer knew or had reason to believe that the reported information was inaccurate. *Id.*at 749 (quoting *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).

Report 6-7. While the court agrees that the magistrate judge correctly states the law, it disagrees with her application of the facts to the relevant law regarding statements in Robinson's declaration that are contradictory to or inconsistent with her prior deposition testimony.

   **B.**   **Analysis**

A party may not "defeat a motion for summary judgment [by] using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (footnote and citations omitted). Stated another way, "the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit [that] directly contradicts, without explanation, [her] previous [deposition] testimony." *Albertson v. T.J. Stevenson & Co.*,

749 F.2d 223, 228 (5th Cir. 1984) (citations omitted).  "When an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *S.W.S. Erectors*, 72 F.3d at 496 (citation omitted).  In the context of summary judgment, to supplement means to clarify or amplify "the facts by giving greater detail or additional facts not previously provided in the deposition." *Id.*[1]

Nexion contends that Robinson's declaration testimony contradicts her deposition on key facts.  The court, for the reasons that follow, agrees.

In her deposition, Robinson testified as follows to questions related to the amount of unpaid overtime:

> Q. What is it you're seeking to recover in this lawsuit?
> A. The pay that I worked off the clock.  And I have no proof, but it happened.
> Q. Can you identify the weeks where you performed work, for which you think you're owed additional pay?
> A. No, I can't provide proof.
> Q. Do you know the amount of time you're seeking to recover in this lawsuit?
> A. No.
> Q. Do you know the amount and dollars that you're seeking to recover in this lawsuit?
> A. No.  My attorney – I let my attorney handle that.
> Q. Well, I don't get to ask him any questions under oath, so I'm just trying to figure out, as you sit here today, what your knowledge is.  Do you have a dollar figure in mind that you're seeking to recover?
> A. No.

Def's. App. 210, Robinson Dep. 119:6-24.  In her declaration, Robinson made the following statements relevant to the time she worked "off the clock":

---

[1] That *S.W.S. Erectors, Albertson,* and other cases reviewed by the court involve affidavits rather than declarations is of no moment, and the court finds these cases controlling.  An affidavit is a statement made under oath, while a declaration is an unsworn statement made under penalty of perjury and has the same effect as an affidavit.  *See* 28 U.S.C. § 1746.  Moreover, an affidavit or declaration may be used to support or oppose a motion for summary judgment.  Fed. R. Civ. P. 56(c)(4).

**Memorandum Opinion and Order – Page 4**

> Although I do not have documentary proof of the specific hours I worked off the clock, as I testified in my deposition, I can reasonably estimate my off the clock hours (which I did in my disclosures made to Defendant before my deposition). I worked an average of 30 minutes per day through my lunch on those days I was forced to clock out or was forced to fill out a missed punch sheet. Additionally, I worked an average of 1.25 hours a week off the clock at the end of my shift.

Decl. of Robinson 2, Doc. No. 46-2.

In Robinson's deposition, which was taken in February 2014, Nexion's counsel asked Robinson what she sought to recover in this lawsuit, and Robinson answered that she sought to recover the pay for when she worked "off the clock." When further requested to identify the weeks in which she performed work and was owed additional pay, Robinson stated that she could not provide proof of the amount, did not know the amount of time for which she was seeking to recover, and did not know the amount and dollars that she sought to recover. Stated bluntly, Robinson provided no evidence to show the amount and extent of work as a matter of just and reasonable inference. At her deposition, she simply did not provide any evidence from which the court can justly and reasonably infer the amount and extent of work she performed that would entitle her to additional compensation.

In her declaration, which was made on June 24, 2014, Robinson provides the amount of time for her "off the clock" hours and states that she worked an average of thirty minutes on the days she was forced to clock out or fill out a missed punch sheet. She also states she worked an average of one and one-fourth hours a week "off the clock" at the end of her shift.

Robinson's declaration is different and contrary to what she testified to in her deposition. She provided no evidence during the deposition on the critical issues of the amount of time she worked and the amount of unpaid overtime she was seeking. Robinson did not even make a reasonable estimate of the amount and extent of the work she performed and the amount of

**Memorandum Opinion and Order – Page 5**

overtime pay she sought. Her statements in her declaration are markedly different from her deposition testimony. Robinson provided no explanation as to why her statements in the declaration are contrary to her deposition testimony.

Further, as Robinson provided no evidence or reasonable estimate of the number of hours for which she sought overtime payment at her deposition, her statements in the declaration cannot be considered as a supplement. A supplement necessarily requires the addition to something that is already in existence. As no evidence existed on the subject matter as to the amount of overtime worked and the amount Robinson sought for unpaid overtime at the time she gave her deposition, it is logically impossible to characterize her declaration as a supplement to her deposition testimony. The paragraph of the declaration does much more than merely supplement Robinson's deposition testimony. What Robinson wholly failed to provide in her deposition testimony, she provides in her declaration. Had she offered at her deposition even a modicum of evidence as to the hours she worked and the compensation she was seeking for unpaid overtime, the court would give her the benefit of the doubt.

As the relevant language in Robinson's declaration is directly contrary to her deposition testimony regarding the amount and extent of work that would entitle her to unpaid overtime, the court disregards the statements contained in the quoted paragraph of her declaration, and they cannot be used to create a genuine dispute of material fact. The court concludes that Robinson failed to meet her burden and produce sufficient evidence for it to justly and reasonably infer the amount and extent of work for which she seeks overtime compensation. As Robinson failed to

**Memorandum Opinion and Order – Page 6**

raise a genuine dispute of material fact, regarding the amount and extent of unpaid overtime, Nexion is entitled to judgment as a matter of law.[2]

### III. Conclusion

For the reasons herein stated, Robinson fails to carry her burden and raise a genuine dispute of material fact as to the extent and amount of work from which the court could justly and reasonably infer that she is entitled to unpaid overtime. Nexion is therefore entitled to judgment as a matter of law. Accordingly, the court **rejects** the conclusions and recommendation of the magistrate judge and **grants** Defendant's Motion for Summary Judgment. The court, as required by Federal Rule of Civil Procedure 58, will issue judgment by separate document.

**It is so ordered** this 31st day of March, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge

---

[2] The reference in the paragraph of Robinson's declaration to Federal Rule of Civil Procedure 26(a) disclosures is quite beside the point. Rule 26(a) disclosures "are not factual averments" and "are not 'evidence' for summary judgment purposes." *ILS, Inc. v. WMM, Inc.*, Civil Action No. 13-cv-00684, 2014 WL 4375890, at *4 (D.C. Col. Sept. 4, 2014). Accordingly, to the extent Plaintiff attempts to use the Rule 26(a) disclosures as evidence to create a genuine dispute of material fact, such attempt fails.