UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON § § § | | |
| Plaintiff, § § | Civil Action No. 3:12-cv-3853 - L | |
| v. § § | | |
| NEXION HEALTH AT TERRELL, INC. § § | | |
| Defendant. § § § | | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DETERMINE PLAINTIFF'S ATTORNEYS' FEES AND DISMISS**

In its motion, Defendant attempts to set a crude trap for both the Plaintiff and this Court. Defendant tells this Court that Defendant can unilaterally terminate this Court's jurisdiction by tendering checks to Plaintiff's counsel in the gross amount of $28,990.46—covering Plaintiff's economic damages but excluding her attorney's fees and costs. Defendant is wrong.

*First*, as the Supreme Court made crystal clear in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016), "an unaccepted settlement offer has no force" and federal jurisdiction remains because "[w]ith the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Id.* Cases decided after *Campbell-Ewald* overwhelmingly confirm that defendants may not evade *Campbell-Ewald*'s holding by restyling offers as "tenders" or using other creative labels or maneuvers.

*Second*, Defendant's tender here was deficient because it fell far short of providing Plaintiff with the full relief she seeks in this suit. Defendant did not concede liability; nor did it agree to pay Plaintiff's attorney's fees and costs. A defendant "cannot simply tender full payment in order

to moot the case and avoid paying attorneys' fees and costs." *Zelaya v. Cargo Logistics Grp. USA LLC*, No. 16-CV-23669, 2017 WL 283259, at *3 (S.D. Fla. Jan. 23, 2017). "Allowing Defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees." *Id.* (citing *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)).

*Third*, Defendant does not propose a legally permissible route for this Court to award attorney's fees and costs. Although attorney's fees and costs are mandatory under the FLSA, they may be awarded only after the plaintiff is determined to be a "prevailing party." *Ramirez v. Lone Star Pediatrics*, No. 3:13–CV–2035–L, 2014 WL 1281510, *4 (N.D. Tex. 2014) (Lindsay, J., presiding) (citations omitted). A prevailing party "must achieve judicially-sanctioned relief" which "materially alter[s] the legal relationship between the parties" and "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.* at *4 (citations omitted). "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]." *Id.* (citing *Buckhannon Bd. and Care Home, Inc. v. West Va. Dept. of Health and Human Res.*, 532 U.S. 598, 600 (2001)). Here, Defendant has not made a formal Rule 68 offer (despite Plaintiff's repeated requests to do so) and has ignored Plaintiff's settlement offers explicitly contemplating court approval and an award attorney's fees and costs.

In sum, there is no mystery as to what Defendant is trying to do here. Defendant seeks to unilaterally end this case through a legally impermissible procedure, divest this Court of jurisdiction, and avoid paying attorney's fees and costs after five years of litigation. The Court should not take the bait. Defendant's motion must be denied.

This Court may, however, construe Defendant's tender—together with its motion—as an offer of judgment under Rule 68. Defendant has, through words and conduct, offered to pay

Plaintiff's economic damages and attorney's fees and costs. Defendant made its tender "*without any condition*." Dkt. 72 at 2. In other words, Defendant's tender is not "condition[ed]" on denying liability or avoiding a judgment on the merits. This Court may properly construe Defendant's tender and motion as a Rule 68 offer, providing Plaintiff with 14 days to respond.

## BACKGROUND

On July 12, 2017, Plaintiff's counsel received a letter and two checks—for $9,270.69 and $14,495.23—from Defendant's counsel. Dkt. 72 at 2; Dkt. 73 at 10; Exhibit A, App. 5. The letter stated that the checks were intended to cover "all the overtime ... that [Plaintiff] alleges [Defendant] owes to her" and "all the liquidated damages [Plaintiff] seeks to recover[.]" Dkt. 73 at 10.

Plaintiff's counsel responded on July 17, 2017, noting that Defendant's letter "did not mention any terms of settlement[,]" "bear the hallmarks of an offer of judgment under Rule 68" or "mention the issue of fees and costs." *Id.* Plaintiff's letter stated that "[w]e do not construe your letter as an offer to resolve this matter." *Id.* And to the extent that Defendant's letter could be read in such a fashion, Plaintiff explicitly rejected any offers intended by the letter. *Id.* Plaintiff's counsel then made two offers: first, Plaintiff offered to accept a formal settlement agreement to be approved by the court for the amount tendered, plus attorney's fees and costs; and second, Plaintiff offered to accept a Rule 68 offer for the amount tendered, plus attorney's fees and costs. *Id.*

Counsel for Defendant responded the same day. Exhibit A, App. 4-5. Counsel stated that "[y]ou are correct that the checks were not provided under Rule 68 or subject to any conditions. Simply put, Nexion did not make an 'offer.' Nexion merely elected to pay Ms. Robinson the amount she sought in damages." *Id.* Counsel wrote that "Nexion agrees that the court will resolve the issue of attorney's fees if the parties do not first reach an agreement[,]" but ignored Plaintiff's counsel's settlement and Rule 68 proposals. *Id.* Counsel for Plaintiff responded later the same day,

3

reiterating the points in his original correspondence, and stating that Plaintiff stood willing to resolve the case under a Rule 68 offer or a settlement agreement subject to court approval. Exhibit A, App. 4. Defendant's counsel never responded. On July 21, 2017, Defendant filed its motion.

## ARGUMENT[1]

Defendant's motion to dismiss runs squarely into *Campbell-Ewald*, 136 S. Ct. at 666, which held that "an unaccepted settlement offer has no force[.]" *Id.* Plaintiff rejected Defendant's "offer." (Exhibit A, App.4-5). Therefore, this controversy remains live. Defendant's decision to label its maneuver a "tender" rather than an offer does not change the outcome. Courts post-*Campbell-Ewald* have overwhelmingly rejected this tactic.[2]

In addition, Defendant's tender did not offer full relief because it did not concede liability or offer to pay Plaintiff's attorney's fees and costs. This omission is fatal to Defendant's motion. *See Wolff v. Royal American Management, Inc.*, 545 Fed App. 791, 794 (11th Cir. 2013) (offer deficient because it did not include the full amount of damages plus an offer of judgment). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald*, 136 S. Ct. at 669 (citations omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (citations omitted). A defendant "cannot simply tender full payment in order to moot the case and avoid paying attorneys' fees and costs." *Zelaya*, 2017 WL 283259, at *3; *see also Hooks v.*

---

[1] In light of the Court's limits on the length of this brief and familiarity with the issues, *see Ramirez*, 2014 WL 1281510, Plaintiff presents a truncated argument here. Plaintiff will supplement her argument if the Court deems additional briefing necessary to resolve the motion.

[2] *See Pankowski v. Bluenrgy Group Limited*, H-15-1668, 2016 WL 7179122, at *2 (S.D. Tex. Dec. 9, 2016) (tender to plaintiff); *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541 (7th Cir. 2017) (tender to the court); *Chen v. Allstate Insurance Co.*, 819 F.3d 1136 (9th Cir. 2016); *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-cv-3232, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016); *Brady v. Basic Research, LLC*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016).

*Landmark Indus., Inc.*, 797 F.3d 309, 312, 315 (5th Cir. 2015) (holding that a party "maintains a personal stake in the outcome of the action" if an offer is incomplete).[3]

Finally, although Defendant asks this Court to "decide Plaintiff's reasonable attorney's fees[,]" Dkt. 72 at 1, Defendant does not present this Court with a legally supported route to award fees and costs. "No material alteration of the legal relationship between the parties [necessary to confer "prevailing party" status on the plaintiff] occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]." *Ramirez*, 2014 WL 1281510, at *4 (citing *Buckhannon*, 532 U.S. at 600). And as explained above, Defendant has steadfastly refused to make a Rule 68 offer of judgment or agree to a court-approved settlement.

This Court may, however, construe Defendant's tender—together with its motion—as an offer of judgment under Rule 68. Defendant has, though its tender and motion, offered to pay Plaintiff's damages and attorney's fees and costs, and made its tender "*without any condition*." Dkt. 72 at 2. Defendant's tender is not "condition[ed]" on denying liability or avoiding a judgment on the merits. This Court may properly construe Defendant's tender and motion as an offer of judgment, providing Plaintiff with 14 days to respond. In the event that Plaintiff accepts the offer, the Court can enter judgment in favor of Plaintiff and Plaintiff will submit a petition for attorney's fees and costs within 14 days of judgment as contemplated by Rule 54(d)(2).

For the foregoing reasons, the Court should deny Defendant's motion, construe Defendant's tender and motion as an offer of judgment, and afford Plaintiff 14 days to respond.

---

[3] *Ponsurayamas v. Teppo Partners, L.P.*, No. 3:15-Cv-2345-N (N.D. Tex. August 10, 2016), cited by Defendant, is both wrongly decided and distinguishable. It mistakenly holds that an unaccepted tender can moot an FLSA claim, contrary to *Campbell-Ewald* and the great majority of cases construing that decision. And *Ponsurayamas* is distinguishable because the defendant agreed to pay the attorney's fees and costs ordered by the Court. Reinforcing the decision's flawed logic, the *Ponsurayamas* court never confronted the internal inconsistency in holding that the defendant's tender divested the court of subject matter jurisdiction but the court nevertheless retained jurisdiction to entertain a petition for attorney's fees and costs. The *Ponsurayamas* court also erred in dismissing the claim with prejudice, which is improper after a determination that the Court lacks subject matter jurisdiction. *See Ashford v. United States*, 463 Fed. Appx. 387, 395 (5th Cir. 2012).

5

        Respectfully submitted,


By: /s/ Douglas B. Welmaker
**Douglas B. Welmaker**
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail: doug@dunhamlaw.com

**Scotty Jones**
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 27, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Defendant, an ECF registrant:

John Brown
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Preston Commons, Suite 500
8117 Preston Road
Dallas, Texas 75225


    /s/ Douglas B. Welmaker
    Douglas B. Welmaker