IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXION HEALTH AT TERRELL INC., | § | Civil Case No. 3:12-CV-3853-L-BK |
|     Defendants, | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for a recommended disposition of Plaintiff's *Application for Attorneys' Fees, Costs and Expenses*, Doc. 81. *See* Doc. 83; 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the motion should be **GRANTED IN PART**.

**A.  Procedural History**

Plaintiff alleged in her amended complaint that Defendant willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay her one and one-half times her regular rate for overtime hours worked in excess of 40 hours per week while she was employed by Defendant as a licensed vocational nurse. Doc. 15 at 1, 4-5. Plaintiff sought all unpaid overtime compensation, an additional equal amount as liquidated damages, and an award of attorneys' fees, costs, and interest. Doc. 15 at 5.

The Court granted summary judgment in favor of Defendant, Doc. 57, but that ruling was reversed on appeal, Doc. 65. The appellate court remanded the case for further proceedings after which the parties began trial preparations. Doc. 66. On July 12, 2017, approximately two months before the scheduled trial date, Defendant tendered to Plaintiff the full amount of her requested damages in the amount of $28,990.46, but did not include her attorneys' fees and

costs. Doc. 88 at 21; Doc. 88-3 at 2. Plaintiff continued to prepare for trial because Defendant would neither enter into a settlement agreement nor submit an offer of judgment – instead, Defendant moved to dismiss Plaintiff's claims as moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it had tendered to Plaintiff all of the damages she sought. Doc. 72. Plaintiff opposed the motion to dismiss because of concerns that she would not be able to recover attorneys' fees and costs in the absence of a finding that she was a "prevailing party." Doc. 76 at 2. On July 31, 2017, the Court granted Defendant's motion, to the extent that it dismissed the action with prejudice and determined that Plaintiff was entitled to an award of attorneys' fees and costs. Doc. 79. Judgment was entered on that same date. Doc. 80. Plaintiff thereafter filed the instant motion seeking reimbursement of her attorneys' fees and costs. Doc. 81.

**B. Parties' Arguments**

Plaintiff seeks to recover attorneys' fees in the amount of $269,422.50, taxable costs of $1,075.71, and expenses of $7,193.30.[1] Doc. 93 at 20. In support, she has submitted declarations from Douglas Welmaker and Adam Hansen, attesting to the reasonableness of the hourly rates charged by the various attorneys who worked on this case. Doc. 81-1 at 5-8; Doc. 81-13 at 2-5. Because Defendant does not object to the proposed hourly rates, and considering the Court's experience in assessing the reasonableness of attorney billing rates, the Court finds that the hourly rates charged in this case were reasonable.[2]

---

[1] The attorneys' fees' amount includes $9,080.00 for the fees associated with the drafting of her reply brief. Doc. 93 at 1; Doc. 93 at 19 n.14. Plaintiff's costs of $1,075.71 already have been taxed by the District Clerk. Doc. 87.

[2] The hourly rates charged are: (1) Welmaker - $400.00; (2) Bo Jones - $175.00; (3) Colin Moore - $250.00; (4) Michael Parsons - $250.00; (5) Thomas Bleich - $300.00; (6) Michael Simpson -

Welmaker also attests to the reasonableness of the number of hours that he and his colleagues billed. Doc. 81-1. Specifically, Welmaker asserts that the attorneys, including Jones who billed at a paralegal rate, reasonably expended 786.55 hours. Doc. 81-1 at 8. The fees amount to $186,610.00 for Welmaker's firm and $73,732.50 for the Apollo Law firm that handled Plaintiff's appeal for a total of $260,342.50 (plus an additional $9,080.00 for Welmaker's drafting the reply brief that was subsequently filed). Doc. 81-5 at 1-100; Doc. 81-14 at 2-5. Defendant asserts that Plaintiff's recovery should be limited to $105,291.60 in fees, and she should not be awarded any out-of-pocket expenses (or, in the alternative, her expenses should be reduced by $1,153.59).[3] Doc. 88 at 25-27. Defendant's objections to various hours expended will be discussed separately below.

**C. Applicable Law**

Under the FLSA, the district court may award reasonable attorneys' fees to the prevailing party. 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The Court of Appeals for the Fifth Circuit employs a two-step process when determining an award of attorneys' fees. *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (citation omitted).

---

$325.00; (7) Mitch Dooley - $350.00; (8) Adam Hansen - $400.00; (9) Will Bush - $250.00; and (10) Daneka Hill - $175.00. Doc. 81-1 at 6; Doc. 81-13 at 4.

[3] Defendant's proposed fee includes a reduction of $12,557.50 based on the mistaken belief that the fees requested in Plaintiff's motion do not match the hours shown on her billable hour spreadsheet. Doc. 88 at 8-9. As Plaintiff explains, however, Defendant did not take into account certain time entries. Doc. 93 at 10-11. The Court concurs with Plaintiff that there are no discrepancies between her motion and the spreadsheet.

The party seeking an award must establish that the number of hours expended is reasonable. *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 08-CV-1556-B, 2011 WL 3820704, *5 (N.D. Tex. Aug. 26, 2011) (Boyle, J.). In evaluating the reasonableness of the number of hours claimed, courts determine "whether the total hours claimed are reasonable, [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (per curiam). The district court should exclude hours that were not reasonably expended, for example, if the case was overstaffed or the hours were excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016) (holding that in calculating the lodestar, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.") (citation omitted). Nevertheless, a reasonable attorney fee award must take into account whether the defendant mounted an aggressive defense. *See, e.g.*, *City of Riverside v. Rivera,* 477 U.S. 561, 580-81 n.11 (1986) ("The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response") (citation omitted). The party seeking attorneys' fees also bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

Following the calculation of the lodestar, the Court then must determine whether to adjust the resulting fee on the basis of several other factors that may be of significance in the particular case. *See Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors consist of: (1) the

time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-719). Many of these factors are subsumed within the lodestar and should not be double-counted. *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (per curiam). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

**D. Analysis**

*1. Hours Billed for Clerical Work*

Defendant asserts that Plaintiff's fee request should be reduced by $4,135.00 because various attorneys impermissibly billed for clerical work, namely phone calls, client and witness conferences, updating and organizing file information, creating basic documents, preparing and filing documents, emailing each other about matters that did not require attorney time, creating exhibit lists and tables of authorities and contents, and creating and reviewing deposition summaries. Doc. 88 at 10-14.

Plaintiff agrees to reduce these fees by a total of $2,466.25. Doc. 93 at 16. The Court has reviewed the table attached to Plaintiff's reply brief at Exhibit 2, which highlights those entries that Plaintiff has agreed to withdraw and provides an explanation of those entries that

should not be excluded. Doc. 93-2. Upon review of the entries that Plaintiff has not withdrawn, the Court finds that two additional entries are clerical in nature, to wit: (1) .8 hours for creating a table of authorities on February 12, 2016 ($140.00); and (2) creating tables of authorities and contents on April 4, 2016 ($280.00). Accordingly, an additional $420.00 should be deducted from Plaintiff's attorneys' fee request.

### 2. *Vague and Block-Billed Entries*

Defendant next asserts that Plaintiff's time sheets contain ten vague or block-billed entries, which do not allow the Court to determine whether the time spent was reasonably expended. Doc. 88 at 14-15. It seeks to eliminate attorneys' fees totaling $8,870.00 on this basis. Doc. 88 at 15-16.

Upon review of Defendant's objections, the Court finds that they are without merit. Each of the entries in question is sufficiently specific when considered in context, and the block-billed entries still allow the Court to determine that the hours claimed are reasonable and compensable in full. *La. Power & Light*, 50 F.3d at 327 (upholding fee award and noting that "practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.") Accordingly, the Court should decline to deduct any fees on this basis.

### 3. *Travel Time*

Defendant argues that travel time is typically reimbursed at a 50 percent rate and Plaintiff's travel time should accordingly be reduced from $26,280.00 to $13,140.00. Doc. 88 at 16-18. With two exceptions, Plaintiff agrees to a 50 percent reduction for the travel time claimed. Doc. 93 at 9-10. The exceptions relate to two entries by Hansen associated with his travel to New Orleans for oral argument. Doc. 93 at 10. For the 8.75 hour August 29 task of

"[t]ravel to New Orleans for argument, review briefs and record, engage in mock argument," Hansen has submitted a sworn declaration stating that he worked during the entirety of his travel reviewing the briefs, making notes, and rehearsing prepared remarks and answers to anticipated questions. Doc. 93-1 at 1. The Court finds this explanation adequate and declines to recommend a reduction of hours for that entry of $3,500.00.

Plaintiff's second exception is for Hansen's billing of 7.25 hours on August 30. That billing entry states that Hansen spent that time reviewing briefs, presenting oral argument to the Fifth Circuit, and traveling from New Orleans. Plaintiff suggests that the Court allocate three hours of that time to travel and reduce only that time by 50 percent, which would result in a reduction of $600.00. Doc. 93 at 10. As such, the 7.25 hours billed on August 30 would result in 4.25 hours being billed at $400.00 and three hours being billed at $200.00 for a total of $2,300.00. The Court finds that approach sound and recommends that Plaintiff's fee award be reduced by a total of $10,540.00 ($26,280.00 total hours – $15,740.00 payable to Plaintiff).

*4. Briefing on Motion for Reconsideration*

Defendant next objects to the 26.3 hours Plaintiff spent preparing her six-page *Motion to Reconsider and Alter Judgment* and her five-page reply brief. Doc. 88 at 18. Defendant maintains that the motion was unsuccessful, did not advance any new legal arguments, and did not warrant the expenditure of the $10,520.00 billed. Doc. 88 at 18. Defendant requests that the Court reduce by 30 percent Plaintiff's fees attributable to litigating the motion for a total reduction of $3,156.00. Doc. 88 at 18.

Plaintiff responds that the legal issues presented in the reconsideration context were different than those addressed at the summary judgment phase because she had to respond directly to the Court's reasoning by (1) canvassing all the evidence showing she had sufficiently

7

testified in her deposition; and (2) using Defendant's records to show that Plaintiff's testimony led to a precise calculation of her overtime.  Doc. 93 at 15.

Upon review of the summary judgment briefs and Plaintiff's motion to reconsider, the Court concludes that the time spent on the motion to reconsider and reply brief was warranted. As Plaintiff asserts, her arguments in regard to damages in the motion to reconsider were considerably more in depth than those in her response to Defendant's summary judgment motion.  Moreover, Plaintiff attached to her motion for reconsideration a comprehensive, nine-page spreadsheet summarizing Plaintiff's time records from September 2009 through May of 2012.  Doc. 59-1 at 2-11.  The additional effort expended warrants an award of the full amount of fees sought.

   *5. Appellate Briefing*

Defendant asserts that Plaintiff's fee of $56,417.50, representing a total of 147.25 hours spent drafting the appellate brief, is excessive and unreasonable.  Doc. 88 at 19.  Defendant asserts that other courts have held that 80 hours or less is a reasonable amount of time to prepare an appellate brief.  Doc. 88 at 19-20.  Defendant requests that the Court deduct 43.25 hours from Hansen's billed hours and completely deduct the work performed by Welmaker (11.8 hours) and by Hansen's paralegal (8.7 hours) and associate (3.5 hours).  Doc. 88 at 20.  Plaintiff responds that imposing an 80-hour standard is in conflict with established precedent, and the cases Defendant cites for that benchmark are inapposite.  Doc. 93 at 7-8.

The Court has considered the cases cited by Defendant and finds them unpersuasive.  The first case involved an appellee who had no opportunity to file a reply brief.  *Shepherd v. Dallas County, Tex.*, No. 05-CV-1442-D, 2010 WL 2573346, at *3 (N.D. Tex. April 10, 2009) (Fitzwater, C.J.).  And, in *Black v. SettlePou, PC*, No. 10-CV-1418-K, 2014 WL 3534991, at *7-

9 (N.D. Tex. July 17, 2014) (Kinkeade, J.), the district judge reduced the hours for which compensation was sought upon finding that the appellate brief was largely cut-and-pasted from briefing in the district court.

While there obviously is some overlap in the summary judgment and appellate briefing in this case, it is not as significant as that in *Black*. Here, Plaintiff prepared a 55-page opening appellate brief and a 23-page reply. Plaintiff's opening brief contained a considerable discussion regarding the ways in which Plaintiff was required to work off the clock and the evidence in support of her damages. Nevertheless, upon a careful review of Hansen's billing records, the Court finds that some work was overbilled. For example, Hansen claims to have spent an hour drafting the notice of appeal. Doc. 81-14 at 2. Moreover, his paralegal billed 1.3 hours in connection with moving for an extension of time. Doc. 81-14 at 2. While the Court will not endeavor to list all of the instances of overbilling, the undersigned finds that an across-the-board ten percent reduction of the appellate fees sought is warranted. *Freiler v. Tangipahoa Parish Bd. of Educ.*, 185 F.3d 337, 349 (5th Cir. 1999) (holding that the district court did not reversibly err when, instead of addressing the necessity and potential redundancy of each billed hour, it reduced the overall number of hours by ten percent). That will result in a reduction of the fee award of $5,641.75.

   *6. Oral Argument*

Defendant also asserts that Plaintiff is not entitled to recover fees for both Hansen and Welmaker to prepare for, and attend, the appellate oral argument, when only Hansen argued the

case. Doc. 88 at 20-21. Accordingly, Defendant requests that the Court deduct all of Welmaker's time relating to oral argument, a total of $7,240.00.[4] Doc. 88 at 21.

Plaintiff argues that, as lead counsel, it was not unreasonable for Welmaker to be involved in preparing for and attending oral argument in the event that the panel had questions about the record or case that appellate counsel Hansen could not answer, which indeed happened. Doc. 93 at 9.

Upon consideration, the Court concludes that Defendant's argument does have some merit. While it is to be expected that Welmaker would assist in preparing for and attending oral argument as lead counsel who has handled this case since 2012, not all of the hours expended by Welmaker are fully compensable given the duplication of effort by Hansen and Welmaker. Accordingly, the Court should reduce by 50 percent this portion of Plaintiff's fee request, which results in a total reduction of $3,620.00.

### 7. Fees Sought After Tender of Full Damages

Defendant contends that after it tendered full payment of damages to Plaintiff on July 12, 2017, there was no need for Plaintiff to continue to prepare for trial and thereby incur an additional $29,697.50 in attorneys' fees. Doc. 88 at 21-22. Defendant maintains that it fully assured Plaintiff that it would not dispute her entitlement to fees and, in fact, filed a *Motion to Determine Plaintiff's Attorneys' Fees* on July 21, 2017, asking the Court to calculate Plaintiff's reasonable fees and costs. Doc. 72; Doc. 88-3 at 2. Defendant's motion also sought dismissal of the case pursuant to Rule 12(b)(1) on the basis that the case was moot because it had tendered full damages to Plaintiff. Doc. 72 at 3-4. On July 31, 2017, the Court granted

---

[4] This figure takes into account the previously discussed 50 percent reduction in Welmaker's travel time.

Defendant's motion insofar as it found that Plaintiff was entitled to recover the damages at issue. Doc. 79 at 1-2. The Court dismissed the case with prejudice, with the exception of any request for fees and costs that Plaintiff might submit, and entered judgment. Doc. 79 at 1-2; Doc. 80.

Plaintiff argues that a settlement does not confer "prevailing party" status, which is essential to obtaining a fee award. Doc. 93 at 3-4. Rather, Plaintiff maintains, such status must be "court-ordered." Doc. 93 at 3. Plaintiff contends that Defendant's tender of payment for her overtime and liquidated damages was not "full payment" because it did not include her attorneys' fees and costs. Doc. 93 at 4. Indeed, Plaintiff maintains, even Defendant's *Motion to Determine Plaintiff's Attorneys' Fees* did not resolve the "prevailing-party problem" or render the case moot. Doc. 93 at 5-6.

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. CONST. art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Accordingly, when the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court loses subject matter jurisdiction. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Challenges to subject matter jurisdiction can either be facial or factual in nature. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If a party relies only on its motion, the challenge is considered a facial attack, and the court's determination of the motion is limited to the sufficiency of the plaintiff's pleadings, which the court must accept as true. *Id.*

11

A factual attack on the court's subject matter jurisdiction, however, "challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony" may be considered. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). In that circumstance, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Accordingly, the court may weigh the evidence to determine whether it has the power to hear the case. *Id.* In response to a factual attack, the plaintiff, as the party seeking to invoke jurisdiction, has the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *Paterson*, 644 F.2d at 523.

In a FLSA case very similar to this one, the plaintiff asserted that even if the defendant tendered the maximum amounts it owed her for overtime and liquidated damages, that act did not moot her claim because the tender did not include "reasonable and necessary attorneys' and expert fees and costs." *Ramirez v. Lone Star Pediatrics, P.A.*, No. 13-CV-2035-L, 2014 WL 1281510, at *2 (N.D. Tex. Mar. 31, 2014) (Lindsay, J.). And, as in this case, the plaintiff argued that the tender was defective because it was not in the form of an offer of judgment and did not address costs as required for an offer of judgment under Rule 68. *Id.* The Court noted that a plaintiff must satisfy three requirements to acquire prevailing party status in a FLSA case: "(1) he must achieve judicially-sanctioned relief; (2) the relief must materially alter the legal relationship between the parties; and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.* at 4 (citing *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013)). The Court further held that a material alteration of the legal relationship between the parties does not exist until one of the parties

becomes entitled to enforce a judgment, consent decree, or settlement against the other. *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Buckhannon Bd. and Care Home, Inc. v. West Va. Dept. of Health and Human Res.*, 532 U.S. 598, 600 (2001) (holding that the term "prevailing party" does not include a party "that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."). The Court determined that because the defendant's tender (regardless of form) did not include an amount for attorneys' fees or costs, it did not provide the plaintiff with the full relief she sought. *Ramirez,* 2014 WL 1281510, at *5. Accordingly, the Court concluded that the plaintiff's case was not mooted by the defendant's tender of damages, and it retained jurisdiction. *Id.* at 5-6.

The same result should obtain in this case. It is undisputed that Plaintiff requested attorneys' fees and costs in the operative complaint, and Defendant's offer did not include an amount for attorneys' fees or costs. Thus, regardless of the form of Defendant's tender, it did not provide Plaintiff with the full relief she sought. *Id.* at *5. Accordingly, the tender did not moot Plaintiff's FLSA claim, and Plaintiff was within reason to continue working on the case until the court granted Defendant's *Motion to Determine Attorneys' Fees* and entered judgment. *Id.* at 4, 6. Thus, Plaintiff's fee request should not be reduced for the time expended continuing to prepare her case.

*8. Fees Sought for Jones' Time Spent on Factual Investigation*

Defendant next argues that it was not reasonable for Jones to incur $28,035.00 in fees conducting a "time card audit" purporting to demonstrate how Defendant manipulated Plaintiff's time cards to eliminate time because Plaintiff had never advanced that legal theory.

13

Doc. 88 at 23.  Defendant requests that the Court deduct this entire fee amount from Plaintiff's fee request.

Plaintiff responds that the fees sought are entirely compensable because a key issue on summary judgment was whether Defendant had kept accurate records of Plaintiff's time, and the Court of Appeals for the Fifth Circuit found there was a factual dispute regarding "whether the [D]efendant maintained accurate and complete time records."  Doc. 93 at 2 (quoting *Robinson v. Nexion Health at Terrell, Inc.*, No. 15-11071, 2016 WL 7335585, at *1 (5th Cir. Dec. 16, 2016) (per curiam)).  Further, Plaintiff asserts, the time card audit would have enabled her to prove at trial that she had recorded many blocks of time that Defendant had "erased."  Doc. 93 at 2-3.

On this point, the undersigned concurs with Plaintiff that the audit was reasonably conducted for the reasons she has stated.  Without question, the amount of fees sought in relation to this task is large – in fact, larger than the damages Plaintiff ultimately obtained.  However, as Plaintiff observes, she is entitled to recoup her attorneys' fees as well, and the circuit court case has often approved fee awards that exceed damages.  Doc. 93 at 3; *see Lucio-Cantu v. Vela*, 239 Fed. App'x 866, 868 (5th Cir. 2007) (per curiam) (affirming $51,750.00 in attorneys' fees where three plaintiffs recovered damages of $3,349.29, $1,296.00, and $52.50); *Howe v. Hoffman-Curtis Plaintiffs Partners, Ltd.*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming award of $125,805.00 in attorneys' fees where the plaintiff recovered $23,357.30 in damages and noting that "it is not uncommon that attorney fee requests can exceed the amount of judgment in [FLSA] case[s] by many multiples"); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,281.95 in damages and $9,250.00 in attorneys' fees); *see also Black*, 2014 WL 3534991, at *2, 4 (on remand from the Court of Appeals for the

14

Fifth Circuit, awarding $232,400.81 in fees on $23,747.57 in damages in FLSA case) (Kinkeade, J.). Thus, Plaintiff's attorneys' fees should not be reduced for time expended in relation to the time card audit.

### 9. Reduction of the Fees Based on the Johnson Factors

Defendant's final argument is that Plaintiff's fees should be reduced by 20 percent because she did not obtain complete success on her original claims, which initially she filed as a collective action, and the damages she obtained were minimal compared to the fees sought. Doc. 88 at 24-25. Plaintiff maintains that there is no evidence that her counsel spent any segregable sum in pursuit of a collective action, which she voluntarily omitted in her amended complaint. Doc. 93 at 16.

The degree of success obtained is the "most critical factor" in determining a fee award. *Farrar*, 506 U.S. at 114-15. A crucial consideration in this regard is the relief plaintiffs obtained "in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. The Court has reviewed the cases to which Defendant has cited and finds them to be inapposite largely for the reasons stated by Plaintiff.

Upon careful review, Plaintiff's hourly billing spreadsheet reflects that while some time was dedicated to the collective action aspect of the case, those hours were written off. Doc. 81-5 at 2-4. Plaintiff moved to amend her complaint to allege only individual claims before the deadline for class certification discovery closed. Doc. 12; Doc. 15. The time that Plaintiff expended moving to amend her complaint is not compensable because amendment would not have been necessary absent her initially pleading her case as a collective action. The fees relating to amending the complaint total $600.00, and the award in this case should be reduced by that amount. Doc. 81-5 at 5; *see Alex v. KHG of San Antonio*, LLC, 125 F. Supp. 3d 619,

626 (W.D. Tex. 2015) (declining to reduce fees for time spent on collective action aspect of case, but deducting fees associated with filing of an amended complaint); *see also Howe*, 215 Fed. App'x at 341 (affirming district court's fee award which reduced the fee for time "related to [plaintiff's] unsuccessful attempt to pursue the case as a collective action."); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 390 (S.D. Tex. 2016) (reducing fee award in FLSA case for hours plaintiffs spent pursuing collective action because no motion for class certification was ever filed). Otherwise, however, no further reduction of the fee award is warranted because Plaintiff obtained the complete relief she sought.

The Court recognizes that the Defendant was entitled to zealously defend this action and did so. However, the end result of that strategy was to increase the costs of this litigation. The Court takes into account such practices when determining the reasonableness of Plaintiff's counsel's time billed. "[D]efense counsel cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serna v. Law Office of Joseph Onwuteaka, PC*, 2014 WL 3749652 (S.D. Tex. July 29, 2014) (citation omitted). "Having wrongfully kicked the snow loose at the top, [Defendant] must bear the consequences of the avalanche at the bottom." *Schwarz v. Folloder*, 767 F.2d 125, 134 (5th Cir. 1985) (citation omitted). In any event, Plaintiff exercised sound billing judgment in writing off $47,022.50 in attorneys' fees prior to filing the instant motion, Doc. 81 at 16, and agreeing to write off another $13,006.25 in response to Defendant's objections, Doc. 93 at 1. This amounts to a voluntary 26 percent reduction (not including the additional $10,281.75 the undersigned recommends be deducted *infra*). Doc. 81 at 15-16. No further reduction is recommended.

10. Costs

Plaintiff seeks to recover her costs in the amount of $7,193.30 for legal research, overnight delivery charges, parking, rental cars, flights, hotels, cabs, meals, the costs of mediation, checked bag fees, and Federal Express deliveries. Doc. 81 at 23-25. Defendant requests that the Court deny Plaintiff's request for reimbursement of travel expenses, meals, legal research on Westlaw and PACER, postage, and overnight delivery fees. Doc. 88 at 25-27. In reply, Plaintiff agrees to withdraw her request for $7.50 in PACER fees. Doc. 93 at 18.

In addition to the taxable costs listed under 28 U.S.C. § 1920, "Texas District Courts have also determined that [additional] costs are . . . appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Dobson v. Timeless Rest., Inc*., No. 09-CV-2481-L, 2017 WL 1330164, at *7 (N.D. Tex. April 11, 2017) (Lindsay, J.) (quoting Alex, 125 F. Supp. 3d at 629-30). In *Dobson*, the Court found that the plaintiffs were entitled to recover for various non-taxable costs, including the costs for travel, meals, parking, lodging, and postage. *Id.* (citing *Rouse*, 181 F. Supp. 3d at 392 ("costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award.") (citations omitted)); *see also Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092, at *4 (N.D. Tex. June 21, 2016) (Stickney, J.), *adopted by* 2016 WL 4446627, at *1 (N.D. Tex. Aug. 24, 2016) (Lindsay, J) (citing *Hilton v. Exec. Self Storage Assocs., Inc*., No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009)). Accordingly, the costs Plaintiff claims are all compensable and should be awarded in the amount of $7,185.80 ($7,193.30 - $7.50 in PACER fees).

    *11. Fees Associated with Filing the Motion for Attorneys' Fees and Costs*

Finally, Plaintiff requests that the Court award her $9,080.00 for drafting the reply brief. The fee is based on 22.7 hours of work by Welmaker at his rate of $400.00 per hour. Doc. 93 at 19. The compensability of time spent litigating attorneys' fee claims is well-established in this circuit. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985). Defendant has not objected to this supplemental fee request. Having reviewed Plaintiff's billing chart, Doc. 93 at 19, the Court concludes that the additional fee sought is reasonable and should be awarded.

**E. Conclusion**

For the reasons stated above, it is recommended that the Court award Plaintiff $246,134.50 in attorneys' fees ($269,422.50 sought - $23,288.00 in reductions) and $7,185.50 in costs.

**SO RECOMMENDED** on November 1, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. §636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE